*Joseph F. Daly,* for appellants.   *R. E. & A. J. Prime & Burns,* for appellee.

PRATT, J.   This suit is to prevent the threatened sale of plaintiff's lands to pay an assessment for grading Walnut street in the city of Yonkers.   There is no substantial dispute about sufficient material facts to determine this controversy.   It was found by the judge who tried the case, among other facts, that (3) the so-called "Walnut Street" was not, nor has any part thereof ever been, laid out, opened, regulated, graded, or worked by the trustees of the village of Yonkers, or by any authority of said village; that (4) the so-called "Walnut Street" was not, nor has any part thereof ever been, laid out, opened, or worked, or made either in fact or law a public highway, road, or street by the commissioners of the town of Yonkers, or by any authority of the town of Yonkers; and (6) that part of so-called "Walnut Street" which lies between Ashburton avenue and the southerly line of the Croton Aqueduct property has never been laid out, opened, or made a public highway, street, or road by the common council of the city of Yonkers, or by any officer or authority on behalf of the city of Yonkers.   The city of Yonkers succeeded to the village of Yonkers, which was carved out of the town of Yonkers.   It appears beyond question, I think, that at least 800 feet of Walnut street was never a public street or road.   To that extent the findings of the trial judge are sustained by the proof.   Therefore the work upon that part of the street was a trespass, the expense of which no legal assessment could be laid to pay.   *In re Rhinelander,* 68 N. Y. 105; *In re Cheesebrough,* 78 N. Y. 233, 238; *People* v. *Haines,* 49 N. Y. 587.   A person who pays an assessment for work upon a street has a right to insist that it shall be a lawful public highway.   No laches or consent in this case can be imputed to the plaintiff, as he protested against the work, sued the city for the trespass, and commenced the present suit as soon as the city threatened to give the deeds.   The cases of *In re Ingraham,* 64 N. Y. 310, and *Moore* v. *City of Albany,* 98 N. Y. 396, cited by appellant, are distinguishable from the case at bar.   In both of those cases the improvement for which the assessment was laid was in a public street, and the trespass complained of in each case was upon property of a third party, who made no complaint, and in neither did the plaintiff show any special injury to himself.   If the foregoing views are sound, there is no necessity of adverting to any other point in the case.   Judgment affirmed, with costs.

------

FOWLER *v.* BROADWAY & SEVENTH AVE. R. CO.

*(Supreme Court, General Term, First Department.*   February 11, 1891.)

EXCESSIVE DAMAGES—PERSONAL INJURIES.

A verdict awarding $1,500 as damages for personal injuries sustained by defendant's negligence will not be set aside as excessive, where it appears that plaintiff was a working girl 19 years of age, and earning $20 per month and her board; that her clothing, to the value of $70, was totally destroyed by the accident; that she had incurred medical bills to about $200; that the injury prevented her from earning any wages for nearly two years; that she was more than a month in bed; and that since the injury she had always had more or less suffering by reason thereof.

Appeal from circuit court, New York county.

Action by Nellie Fowler by her guardian *ad litem* against the Broadway & Seventh Avenue Railroad Company for injuries sustained on the 27th day of December, 1886, while a passenger on defendant's street-car, which was thrown from the track, and into a collision with a post, by reason of the driver's negligence.   There was a verdict for plaintiff for $1,500, and from the judgment entered thereon in her favor the defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Root & Clarke,* for appellants.   *Tillotson & Kent,* for respondent.

BRADY, J. This action is one brought to recover for personal injuries sustained through the negligence of the defendant. The issue was properly presented to the jury, and they found for the plaintiff, awarding her $1,500 damages. The defendant appeals, and makes this point only: "The defendant contends that, upon the whole case, a new trial should be granted, because the damages awarded by the jury were excessive." The learned justice presiding in the court below gave a summary of the plaintiff's injuries, loss, and the elements of damages to the jury in his charge, to which no exception was taken. A perusal of that which is hereto attached is a sufficient answer to the point stated: "If you find for the plaintiff, you will then have to consider the amount of damages. In the form of this complaint on which the action is brought I have held, and I charge you, that the plaintiff can recover only the damage that she sustained prior to the bringing of the action. There is no charge here in the complaint, nor is there any evidence to sustain it, that any injury was occasioned to the plaintiff after the commencement of the action. You are limited, therefore, to the time prior to the 1st of January, 1888. In actions of this kind the amount of damages is left very largely to the discretion of the jury. There are general rules that the courts are able to state, that should apply in determining the damage, but outside of those general rules it is a matter very largely within your discretion. As I said before, the defendant is not to be punished,—the plaintiff is not to receive anything except compensation. If the defendant is liable, the plaintiff is entitled to fair compensation. There are certain items of pecuniary damage that she claims to have sustained in consequence of this injury. She says that her clothes which she had on cost her $70, and they were comparatively new, and were totally destroyed by the glass cutting them and by the blood. If you believe that, she is entitled to recover the value of the clothes, whatever that was. She also says that she incurred certain obligations for doctors' bills, amounting in the aggregate, as I understand it, to about $205. The doctors have testified that was their charge, and that it was a fair and reasonable charge. The plaintiff also claims that she is entitled to recover the wages she would have earned if she had not been injured. She says she was receiving $20 a month and her board, and that the injury prevented her from earning any wages, as I understand it, for about a year prior to the commencement of the action. Her sister has testified that the board would be worth $2.50 a week, which would be $10 a month, which, together with the wages, would amount to $30 a month. These items should be taken into account by you, and if the defendant is liable, and you believe those obligations were incurred, that her clothes were spoiled, that she would have earned this money, and would have received her board, she would be entitled to recover what she lost up to the time of the commencement of the action. But in addition to that she is also entitled to recover compensation, so far as money can compensate a person, for the pain that she has suffered during this time. You have heard her story. She says that for all this period she was unable to work. She was a month in bed. It was the 17th of March before she left the house, and since that time she has always had more or less pain and suffering from the injury. She is entitled to recover a fair sum to repay her for that suffering, if she is entitled to recover at all. It should not be exorbitant, but it should be compensatory, considering her circumstances in life and her condition and surroundings, the work that she did, and, under all the circumstances, in your discretion you are to say what would be a fair sum to compensate her for the pain she suffered, and, generally, for the injury which the accident caused her; and, adding that to the pecuniary loss which you may believe she suffered in consequence of the injury, you will then find a verdict for the plaintiff for that amount: providing, as I said before, that this accident was caused solely by the negligence of the defendant." The plaintiff, though an infant, was 19 years of age, was lacerated,—her system shocked,—and she was exposed to

the result of the injuries received, which might have been serious according to the medical testimony, and would have been had it not been for the medical skill by which she was treated. The sum given by the jury would doubtless have been more had it not been for the very careful and conservative charge of the learned court, and it is thought that the defendant has naught to complain of. The judgment, for these reasons, should be affirmed, with costs. All concur.